UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DUROCHER, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01570-SEB-DML |
| | ) | |
| RIDDELL, INC., | ) | |
| ALL AMERICAN SPORTS | ) | |
| CORPORATION doing business as | ) | |
| RIDDELL/ALL AMERICAN, | ) | |
| RIDDELL SPORTS GROUP, INC., | ) | |
| EASTON-BELL SPORTS, INC., | ) | |
| EASTON-BELL SPORTS, LLC, | ) | |
| EB SPORTS CORPORATION, and | ) | |
| RBG HOLDINGS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT AND
MOTION TO STRIKE CLASS ALLEGATIONS**

In twin rulings, the Court previously (1) granted the Defendants' motion to

strike the class allegations in the Plaintiffs' Second Amended Complaint [Dkt. No.

78] and (2) granted in part and denied in part the Defendants' motion to dismiss the

Second Amended Complaint [Dkt. No. 103].  The Court's dismissal Order dismissed

the Plaintiffs' claims for medical monitoring and negligence *with prejudice,*

dismissed the products liability manufacturing defect claim *without prejudice,*

dismissed the claims against Defendants Easton-Bell Sports, LLC, EB Sports Corp.,

and RBG Holdings Corp. *without prejudice,* and denied the requests to dismiss the

products liability design defect and failure to warn claims.  [Dkt. No. 103 at pp. 46-

47.] In its Order on the motion to strike class allegations, the Court allowed the

Plaintiffs "an opportunity to narrow and more specifically define their proposed

class in light of and consistent with the law and facts" discussed in both Orders.

[Dkt. No. 104 at p. 28.]

Thereafter, the Plaintiffs filed their Third Amended Complaint ("TAC").  The

Defendants then moved to dismiss that complaint in its entirety and separately

moved to strike the class allegations in the TAC.  The Court will first address the

motion to dismiss and then address the motion to strike.

## Motion to Dismiss

**A. The TAC improperly attempts to resurrect claims dismissed with prejudice by adding new parties and urging the application of different states' laws.**

As noted above, this Court dismissed the Plaintiffs' medical monitoring and

negligence claims with prejudice.  With their TAC, the Plaintiffs have attempted an

end-run around that Order by alleging those same claims on behalf of six new

plaintiffs based on the laws of the District of Columbia and twelve states (Arizona,

California, Florida, Illinois, Indiana, Maryland, Massachusetts, Missouri, Ohio,

Pennsylvania, Utah, and West Virginia).[1]  The Plaintiffs never sought leave to add

---

[1]      The TAC reveals that none of the proposed new Plaintiffs has any connection
to the District of Columbia, Arizona, Indiana, Maryland, Missouri, Pennsylvania,
Utah, or West Virginia.  The Plaintiffs' brief opposing the Defendants' motion to
dismiss asserts that the proposed new Plaintiffs are pleading "medical monitoring
claims under the laws of their respective home states" (Dkt. 120 at p. 8), but that
statement is inconsistent with their recitations of the proposed new Plaintiffs'
states of citizenship and states where they played football.

new parties and claims under different states' laws, and they never sought
reconsideration of the Court's dismissal with prejudice of the medical monitoring
and negligence claims.  The Court's dismissal Order clearly distinguished among
claims that were dismissed with prejudice, those dismissed without prejudice (and
thus could be repleaded to address the deficiencies the Court discussed in its
Order), and those that would not be dismissed.  The Court did not expressly or
impliedly grant leave to replead claims that had been dismissed with prejudice, and
indeed, that would be incompatible with such a dismissal.

Of course, the Court did not dismiss with prejudice the proposed claims of
parties who were not before the Court.  It determined that under applicable
Washington law, the claims of the then-Plaintiffs were deficient on their merits.
But it did not, contrary to the Plaintiffs' suggestion, find that their negligence and
medical monitoring claims were deficient based on lack of standing or inadequate
representation.  Nor did it grant leave to add parties. Though the Plaintiffs
obviously are dissatisfied with the Court's prior ruling, the Court will not permit
them to use their TAC to build from scratch an essentially different lawsuit from
the one this Court painstakingly analyzed in its prior Orders.  Their proposed
addition of newly named Plaintiffs—who, unlike the originally named Plaintiffs,
apparently have no connection with the State of Washington—in an effort to
resurrect claims already dismissed with prejudice will not be permitted.

**B. The TAC does not cure the pleading deficiencies of the claims dismissed without prejudice.**

The Court's prior Order dismissed without prejudice the Plaintiffs' products liability claim based on manufacturing defect, finding that "Plaintiffs have not alleged that the helmets at issue deviated in some material way from the design specifications or performance standards of the manufacturer, or deviated in some material way from otherwise identical units of the same product as required by Wash. Rev. Code § 7.72.030(2)(a)." [Dkt. No. 103 at p. 28.] The Plaintiffs' TAC omits any claim based on an alleged manufacturing defect. The Court infers from that omission that the Plaintiffs concluded they are unable to plead a manufacturing defect claim and have abandoned it. It is therefore, now, DISMISSED WITH PREJUDICE.

The Court's Order also dismissed without prejudice all claims against Easton-Bell Sports, LLC, EB Sports Corporation, and RBG Holdings Corporation because the Plaintiffs had included no specific allegations of wrongdoing by them, and had described them only as being related to the other Defendants but without any allegation of grounds on which to pierce the corporate veil between or among the companies. [Dkt. No. 103 at p. 38.] These three defendants are described in the TAC, just as in the Second Amended Complaint, as parent or subsidiary companies of other defendants who are alleged to have been engaged in the design, development, marketing, or selling of helmets (and thus against which the products liability design and failure to warn claims raise a plausible right to relief). But

4

there are no factual allegations that these three defendants themselves engaged in such business activities.  [*See* Dkt. No. 109, ¶¶ 47-49.]

The closest the Plaintiffs come is their new allegation that because all Defendants are owned by the same private equity firm, then each "was involved in some manner in the creation and dissemination of the helmets and the marketing misconduct [alleged in the complaint] and/or was involved in or profited from the sales of the helmets." [Dkt. No. 109, ¶ 51.]  These allegations are insufficient to make plausible, rather than merely speculative, an entitlement to relief against these entities.  It is apparent the Plaintiffs cannot plead, at this point, that the business of any of these three entities included the design, development, or marketing or selling of helmets.  The Court therefore now DISMISSES WITHOUT PREJUDICE the claims against Easton-Bell Sports, LLC; EB Sports Corporation; and RBG Holdings Corporation, but without leave to replead at this time.  If at some point in this case the Plaintiffs in good faith determine they can allege facts that address the deficiencies in the claims against these defendants, they must move for leave to do so.

For all of the above reasons, the TAC is STRICKEN.

### Motion to Strike Class Allegations

In its prior Order Granting Defendants' Motion to Strike Class Allegations [Dkt. No. 104], the Court permitted the Plaintiffs to "recast their proposed class" consistent with the Court's findings and discussion in that Order and in its dismissal Order.  The Plaintiffs' TAC attempts an end-run around this directive as

well. With the TAC, the Plaintiffs have attempted to craft a lawsuit that bears very little resemblance to the one described in the Second Amended Complaint. In addition to their attempt to resurrect negligence and medical monitoring claims with six new named Plaintiffs (which the Court has rejected), the Plaintiffs altered the entire structure of the relief they seek. They now do not seek damages but only the creation of a medical monitoring fund. They propose that the Court conduct trials on claims for negligence, product design defect, and failure to warn under the laws of at least thirteen states (and maybe more, because the Plaintiffs shy away from alleging the law governing their products liability claims) but not enter judgments in favor of anyone. They suggest the Court issue Declarations (certificates of a sort) after a jury trial that one or more of the Defendants was negligent or one or more helmets suffers from a design defect and did not provide proper warnings, and then class members could take those Declarations and file new lawsuits in other courts around the country in which causation and damages could be determined.

The Court is highly skeptical of the Plaintiffs' new proposed class structure and requests for relief. They raise the same fundamental due process concerns addressed in *Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293 (7th Cir. 1995). And their proposed structure is not sufficiently like the structure or relief addressed in the consumer warranty cases of *Pella Corp. v. Saltzman,* 606 F.3d 391 (7th Cir. 2010), and *IKO Roofing Shingle Products Liability Litig.,* 757 F.3d 599 (7th Cir. 2014), on which the Plaintiffs rely.

But there is a fundamental, threshold problem with the parties' presentation

of the issues and arguments in connection with the motion to strike the class

allegations in the TAC:  the briefing has been directed to the allegations in the TAC.

Because the Court is *not* permitting the Plaintiffs to resurrect negligence and

medical monitoring claims, which were dismissed with prejudice, the parties' briefs

regarding class certification address a case that the Court has not allowed to be

filed.  Therefore, the Court can neither grant nor deny on the merits the

Defendants' motion to strike the class allegations in the TAC.  It rather must and

does DENY the motion as MOOT.

## Conclusion

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN

PART the Defendants' motion to dismiss the TAC [Dkt. No. 111], as follows.  The

Court STRIKES the Plaintiffs' TAC, at Dkt. No. 109.  The operative complaint is

therefore the Second Amended Complaint, but as it has been narrowed in the

Court's prior dismissal Order [Dkt. No. 103] and Order Granting Defendants'

Motion to Strike Class Allegations [Dkt. No. 104], and as further narrowed by this

Order.  The Court DISMISSES WITH PREJUDICE the Plaintiffs' product liability

claim related to any alleged manufacturing defect.  The Court DISMISSES

WITHOUT PREJUDICE the Plaintiffs' claims against defendants Easton-Bell

Sports, LLC, EB Sports Corporation, and RBG Holdings Corporation.

The Defendants' motion to strike class allegations [Dkt. No. 113] is DENIED

AS MOOT.

The Court allows the Plaintiffs one final opportunity to attempt to recast their proposed class consistent with the Court's discussion and findings in its prior Orders and this Order.  They may do so by filing within 20 days from the date of this Order a motion for leave to file an amended complaint that narrows and more specifically defines their proposed class in the light of the claims the Court has allowed.  Their motion must include a copy of the proposed complaint as required by Local Rule 15-1.

Date: ____9/28/2016_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system